

749

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Clinton Owsley, Director
Gas Utilities Division
Railroad Commission of Texas
Austin, T e x a s

Dear Sir:

Opinion No. O-2969
Re: Whether a gas utility
which has leased its
properties to another
gas utility must con-
tinue to make reports
and pay taxes under
Article 6060, Revised
Civil Statutes.

We have for answer your letter of recent date,
which we quote in full as follows:

"A gas utility, as defined by Article
6050, Revised Civil Statutes of Texas, 1925,
has in the past owned, operated and managed
a distribution system supplying a town of
about two thousand inhabitants and has owned
and operated a pipe line of about three miles
in length in connection with the delivery
of gas to the distribution system.

"This utility has made annual reports
to the Railroad Commission and has paid the
tax under amended Article No. 6060.

"As of November 1, 1940, this gas
utility leased its properties to another gas
utility and gave them a purchase option.

"Since these properties are still owned
by the gas utility which formerly operated
them, we will appreciate your advice as to
whether or not under the law the gas utility
which does now own but which does not operate

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Clinton Owsley, Page 2

these properties should continue to make
reports to the Railroad Commission and pay
the tax as levied under amended Article No.
6060 on all income received from these pro-
perties. In this case the income will be
only the rent received under the lease."

Article 6060, Revised Civil Statutes, reads as
follows:

"Every gas utility subject to the pro-
visions of this subdivision on or before the
first day of January and quarterly thereafter,
shall file with the Commission a statement,
duly verified as true and correct by the
president, treasurer or general manager if
a company or corporation, or by the owner or
one of them if an individual or co-partner-
ship, showing the gross receipts of such
utility for the quarter next preceding or
for such portion of said quarterly period as
such utility may have been conducting any
business, and at such time shall pay into
the State Treasury at Austin a sum equal
to one-fourth of one per cent of the gross
income received from all business done by
it within this State during said quarter."

This Article was repealed in part by Section 10 of
House Bill No. 547, Acts 42nd Legislature, Regular Session (Acts
1931, 42nd Leg., Regular Session, Chap. 73, page 111). Sec-
tion 10 of said bill is quoted as follows:

"That Article 6060 of the Revised Civil
Statutes of 1925, except insofar as it imposes
a license fee or tax of one-fourth of one
per cent against persons owning, operating,
or managing pipe lines, as provided in Sec-
tion 2 of Article 6050, is hereby repealed
and said fund shall be used for enforcing the
provisions of Articles 6050 to 6066, inclusive."

Therefore, Article 6060, supra, as amended, re-
quires that on a quarterly basis every gas utility coming
within the provisions of Section 2 of Article 6050, shall
pay a gross receipts tax of one-fourth of one per cent of
the gross income received from all business done within
this State.

Honorable Clinton Owsley, Page 3

Section 2 of Article 6050, supra, reads as follows:

"The term 'gas utility' and 'public utility' or 'utility,' as used in this subdivision, means and includes persons, companies and private corporations, their lessees, trustees, and receivers, owning, managing, operating, leasing or controlling within this State any wells, pipe lines, plant, property, equipment, facility, franchise, license, or permit for either one or more of the following kinds of business:

" . . .

"2. Owning or operating or managing a pipe line for the transportation or carriage of natural gas, whether for public hire or not, if any part of the right of way for said line has been acquired, or may hereafter be acquired by the exercise of the right of eminent domain; or if said line or any part thereof is laid upon, over or under any public road or highway of this State, or street or alley of any municipality, or the right of way of any railroad or other public utility; including also any natural gas utility authorized by law to exercise the right of eminent domain."
(Emphasis ours)

We have been informed by you that the utility operates wholly within this State, and that it is a utility within the meaning of Article 6050, Section 2, supra. Therefore, the only point in which you are interested is whether or not after the property is leased, the lessor (owner) is required to pay the tax levied by Article 6060, as amended, and to make the annual report required by the Railroad Commission under Article 6056, R.C.S., of all such utilities operating in Texas.

It is our opinion that the question should be answered in the affirmative. Article 10, Section 1, Revised Civil Statutes, reads as follows:

"The following rules shall govern in the construction of all civil statutory enactments:

"1. The ordinary signification shall be applied to words, except words of art or words connected with a particular trade or subject matter, when they shall have the signification attached to them by experts in such art or trade, with reference to such subject matter."

We quote from Texas Jurisprudence, Volume 39, pages 160 and 161, as follows:

"'There is but one rule of construction, and that is that the legislative intent must govern. All other canons of interpretation so-called are but grounds of argument resorted to for the purpose of ascertaining the true meaning of the law.'

". . . On the contrary, it is settled by many decisions that there is no room for construction when the law is expressed in plain and unambiguous language and its meaning is clear and obvious."

The language used in this statute is clear -- ". . . persons, companies and private corporations, their lessees, trustees, and receivers, owning, managing, leasing or controlling within this State any well, wells, pipelines, plants, property, equipment, facilities, franchise, license or permit . . ." (Emphasis ours). You will notice that the word "and" is used, thus showing the legislative intent that each class named is a gas utility within the meaning of the subdivision (Articles 6050-6066, R.C.S., inclusive), and that one class does not exclude the other. Under this statute, if any one of the classes mentioned owns, manages, leases, or controls any well, wells, pipelines, etc., it is a gas utility. Therefore, even after a company leases its property, it still remains a gas utility as an owner within the purview of Article 6050, Section 2, supra.

It follows that the utility is liable for the tax, and that it must make the annual report, required by the Railroad Commission under Article 6056, R.C.S., of all such gas utilities operating within this State. It is important

to note in this connection that the "gross income" received by the lessor utility is only the income received as rent from the lessee utility. Therefore, the lessor utility is liable for one-fourth of one per cent of the gross rental income, and will continue to be liable for the same until the lease is terminated or until the lessee purchases the property under the option clause of the lease contract.

In view of the foregoing, it is the considered opinion of this department that a gas utility within the meaning of Section 2 of Article 6050, R.C.S., must, after it leases its property to another gas utility, continue to pay the gross receipts tax required by Article 6060, R.C.S., as amended, and also must continue to make the annual reports required by the Railroad Commission under Article 6056, R.C.S.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Hugh Q. Buck_

Hugh Q. Buck
Assistant

By _George W. Sparks_

George W. Sparks

GWS:eaw

APPROVED FEB 12, 1941

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN